# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARIAN MURPHY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, )<br>)<br>Respondent. ) | 1:11CV1012 |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Marian Murphy, a federal prisoner, has filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) Petitioner was originally convicted and sentenced in federal court in the Western District of Virginia, but was incarcerated in this District at the time she filed the Petition.[1] She alleges as her only claim for relief that her sentence should have been, but was not, credited with the entire period from November 16, 2009 through January 27, 2010. (Id., § J.)

Respondent has responded to the Petition with a Motion to Dismiss, or in the Alternative, for Summary Judgment. (Docket Entry 9.) Respondent claims that dismissal is proper because the case is moot. Respondent reports that, in response to the Petition,

---

[1] The online records of the United States Bureau of Prisons reflect that she has since been released. See http://www.bop.gov/iloc2/LocateInmate.jsp (search for "Marian Murphy" last conducted on March 30, 2012).

it audited and reviewed Petitioner's sentence.  It determined that Petitioner's sentence had not been correctly computed and then updated her sentence to award her credit for the entire period from November 16, 2009 through January 27, 2010.[2]  It also adjusted her release date accordingly.  Respondent's assertions are supported with appropriate exhibits.  (Docket Entry 9, Exs. A-D.)  Despite being advised of her right to do so (Docket Entry 11), Petitioner filed no response to the Motion to Dismiss.

A review of the parties' submissions reveals that the Motion to Dismiss, or in the Alternative for Summary Judgment, is fully supported by evidence and has not been opposed.  This is not surprising in light of the fact that Petitioner was already granted the relief she sought and has now been released from prison.  Given all of this, the case is indeed moot and should now be dismissed.[3]

**IT IS THEREFORE RECOMMENDED** that the Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment (Docket Entry 9) be granted on the basis that the Petition is moot, that the Petition (Docket Entry 1) be dismissed for being moot, and that Judgment be entered dismissing this action.

---

[2] Petitioner calculated this time-period to be 74 days, while Respondent determined it to be 73 days. Regardless, Petitioner was given credit for the full time period set out in the Petition.

[3] Respondent raises an alternative argument based on the fact that Petitioner failed to exhaust her administrative remedies before filing the Petition. The Court need not consider this in light of the case being moot.

This the   4th   day of April, 2012.


                              /s/ L. Patrick Auld
                            **L. Patrick Auld**
                    **United States Magistrate Judge**